# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1454 | **DATE** | 4/15/2013 |
| **CASE TITLE** | Munoz vs. Ekl, Williams & Provenzale LLC et al | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion to remand [10] because Defendants have failed to establish that the Court has subject matter jurisdiction over the parties' contract dispute. See 28 U.S.C. § 1447(c). The Court, in its discretion, denies Mr. Munoz's request for the costs and fees under 28 U.S.C. § 1447(c). The Clerk's Office is directed to remand this case to the Circuit Court of Cook County, Chancery Division, 13 CH 02553.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On February 25, 2013, Defendants Ekl, Williams & Provenzale, LLC (the "Ekl firm"), and Terry A. Ekl removed this contract dispute from the Circuit Court of Cook County, Chancery Division, asserting that the Court has original jurisdiction over this lawsuit because Plaintiff Gustavo Munoz's claims arise under 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). *See* 28 U.S.C. §§ 1441(a), 1446. Before the Court is Mr. Munoz's motion to remand pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court grants Mr. Munoz's motion to remand because Defendants have failed to establish that the Court has subject matter jurisdiction over the parties' contract dispute. The Court, in its discretion, denies Mr. Munoz's request for the costs and fees under 28 U.S.C. § 1447(c).

### BACKGROUND

In his state court complaint filed on January 28, 2013, Mr. Munoz alleges that he is an attorney who agreed to represent a woman named Karolina Obrycka in a contemplated action against the City of Chicago and a Chicago police officer arising out of an incident at a Chicago tavern in 2007. (R. 1-1, Compl. ¶ 1.) Mr. Munoz further alleges that he brought in Defendants Terry Ekl and his law firm as co-counsel to jointly represent Obrycka. (*Id*.) Mr. Munoz, Ekl and the Ekl law firm, and Obyrcka signed a joint contingent fee agreement on January 28, 2007 that Mr. Munoz attaches to his state court complaint. The basis of Mr. Munoz's state court complaint is the 2007 joint contingent fee agreement, which discusses the parties' agreement regarding statutory attorneys' fees and contingent fees. (*Id.* ¶ 2.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Obrycka filed her federal lawsuit on April 30, 2007, entitled *Obrycka v. City of Chicago*, 07 C 2372. On November 13, 2012, a jury returned a verdict in favor of Obrycka and awarded her compensatory damages, which the attorneys agreed to allow her to recover in full. After settlement discussions between the City of Chicago and Ekl and his law firm, the Court entered an order awarding Ekl and his firm $1,676,500.00 in attorney's fees, plus $14,600.00 in related nontaxable expenses under 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(2), and $108,900.00 in taxable costs pursuant to Rule 54(d)(1). Meanwhile, Mr. Munoz's motion for attorneys' fees brought pursuant to 42 U.S.C. § 1988 related to his representation of Obrycka is pending before the Court given the parties' request for additional time to brief the issue. As such, the issues surrounding Defendants' and Mr. Munoz's Section 1988 attorneys fees either have been or will be resolved by this Court. On the other hand, Mr. Munoz's state court complaint involves a declaratory judgment claim regarding the interpretation of the joint contingent fee agreement, as well as a breach of fiduciary duty claim. In essence, Mr. Munoz claims that Defendants failed to pay him any fees in breach of their joint contingent fee agreement.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "[t]he circumscribed nature of the federal judiciary's jurisdiction is a function of restrictions placed upon it by both the United States Constitution and federal statutory law, both of which must authorize a federal court to hear a given type of case." *International Union Pac. of Operating Eng'rs, Local 150, AFL-CIO v. Ward,* 563 F.3d 276, 280 (7th Cir. 2009). "Defendants may remove a civil action from state court to the federal district court located in the place where such action is pending, as long as the federal district court had original jurisdiction over the case." *Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 968 (7th Cir. 2013) (internal quotation marks omitted); *see also* 28 U.S.C. § 1441(a). In other words, a "case filed in state court may be removed to federal court only when the case originally could have been filed in federal court." *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.,* 707 F.3d 883, 890 (7th Cir. 2013). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009).

## ANALYSIS

### I. Motion to Remand

Because the parties to the present lawsuit are all citizens of Illinois, diversity of citizenship is not present pursuant to 28 U.S.C. § 1332, and thus "the propriety of removal depends on the existence of a federal question that could confer jurisdiction under 28 U.S.C. § 1331 or another statutory grant of jurisdiction." *Northeastern Rural Elec.,* 707 F.3d at 890. "It is well established that such a federal question must be apparent on the face of the plaintiff's well-pleaded complaint." *Id.* As discussed above, Mr. Munoz's state court complaint involves the interpretation of the joint contingent agreement and a claim for breach of fiduciary duty — both subject to Illinois law.

Nevertheless, Defendants argue that because the attorneys' fees and costs — which are the subject of the joint contingent fee agreement — relate to the underlying *Obrycka* litigation, the Court has subject matter jurisdiction over the state law contract dispute. Put differently, Defendants argue that Mr. Munoz would have no claim in the underlying state court lawsuit without his fee petition pending in the federal lawsuit. Defendants fail to cite legal authority supporting their argument. Nevertheless, from Defendants' arguments, it appears that they believe this Court has "ancillary" jurisdiction over the parties' contract dispute based on the Section 1988 fee

petitions in the *Obyrcka* matter.[1] The Supreme Court has "recognized that a federal court may exercise ancillary jurisdiction '(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (quoting *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 379-380, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted)). As the Supreme Court further explains:

> In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction. Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit. The basis of the doctrine of ancillary jurisdiction is the practical need 'to protect legal rights or effectively to resolve an entire, logically entwined lawsuit.' But once judgment was entered in the original [] suit, the ability to resolve simultaneously factually intertwined issues vanished.

*Peacock,* 526 U.S. at 355 (internal citations omitted). Simply put, once the jury returned a verdict in favor of Obrycka and the Court entered judgment on November 13, 2012, the Court was divested of subject matter jurisdiction over any future disputes between the parties over which it may have ancillary jurisdiction that do not have an independent basis for federal jurisdiction. *See Kokkonen,* 511 U.S. at 380-81; *Shapo v. Engle,* 463 F.3d 641, 645 (7th Cir. 2006). Because the substance of Mr. Munoz's claim is for breach of contract and breach of fiduciary duty, the only basis for federal jurisdiction is diversity of citizenship, which, as discussed, is not present in this lawsuit. *See Travelers Property Cas. v. Good,* 689 F.3d 714, 717 (7th Cir. 2012) ("To invoke the diversity jurisdiction of the federal courts, a party must establish both that diversity of citizenship is complete and that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'") (quoting 28 U.S.C. § 1332(a).

Last, Defendants' bare-boned argument that Mr. Munoz purposely omitted his federal question claims through "artful pleading" fails — not only because Defendants have not substantiated their argument with any meaningful legal analysis — but also because Defendants cannot show that Mr. Munoz omitted "necessary federal elements" from his state court claims. *See Northeastern Rural Elec.*, 707 F.3d at 890 ("plaintiffs are entitled to omit federal claims from their complaints so as to avoid federal jurisdiction, [but] they may not omit necessary federal elements of an included claim."). Therefore, the Court does not have subject matter jurisdiction over the parties' Illinois dispute and grants Mr. Munoz's motion to remand.

## II. Request for Costs and Fees

Mr. Munoz also requests costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See also MB Fin., N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012)

---

[1] Although Congress codified most of the common-law doctrine of ancillary jurisdiction under 28 U.S.C. § 1367 as part of supplemental jurisdiction, Section 1367 did not affect common law ancillary jurisdiction "over related *proceedings* that are technically separate from the initial case that invoked federal subject matter jurisdiction. This form of jurisdiction developed in case law as 'ancillary' or 'ancillary enforcement' jurisdiction." *See* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3523.2 (3d ed. 2010) (emphasis in original).

("Section 1447(c) authorizes an award of attorneys' fees when the removal was unreasonable."). In general, when no "objectively reasonable basis" for removal exists, courts should award fees under Section 1447(c). *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The *Martin* Court held that Section 1447(c) imposes neither a presumption in favor of remand fee awards nor against such fee awards. *See* 546 U.S. at 138-39 ("The statutory language strikes us as more evenly balanced between a pro-award and anti-award position ... we see nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied"). When deciding whether to award fees under Section 1447(c), "courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation." *Micrometl Corp. v. Tranzact Tech., Inc.,* 656 F.3d 467, 470 (7th Cir. 2011). Whether to award costs and fees under Section 1447(c) rests within the district court's discretion. *See Martin,* 546 U.S. at 139; *Fincher v. South Bend Hous. Auth.,* 578 F.3d 567, 569 (7th Cir. 2009).

Here, there is no evidence in the record that Defendants removed this lawsuit as a way to delay litigation or that their attempt at removal was objectively unreasonable. *See Martin,* 546 U.S. at 140-41; *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Although the Court recognizes Defendants' desire to have the Court decide their dispute because of the Court's knowledge of the issues in *Obyrcka*, the Court simply does not have jurisdiction to hear the parties' contract dispute about their fees. Furthermore, the agreement at issue between Mr. Munoz and Defendants was never before the Court in *Obrycka* or interpreted by the Court in *Obrycka*. Therefore, the Court, in its discretion denies Mr. Munoz's request for fees.